IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Craig S. Jones, et al.,

    Plaintiffs,

v.                                    Case No. 2:11-cv-380

Kerry A. Allen, Plan                  JUDGE MICHAEL H. WATSON
Administrator, et al.,                Magistrate Judge Kemp

    Defendants.

<u>REPORT AND RECOMMENDATION</u>

    Plaintiffs are five individuals who were employed by Red Mortgage Capital, Inc., Red Capital Markets, Inc., Red Capital Advisors, LLC, or Red Capital Community Development Company, LLC, (collectively "Red Capital"). Plaintiffs filed this action against Red Capital, certain severance plans, a plan administrator, and a company that acquired Red Capital, alleging that those Defendants wrongly denied them benefits and otherwise infringed on their rights under ERISA and their contractual rights. There are several motions pending, which have been referred to the Magistrate Judge for the issuance of a Report and Recommendation. This Report and Recommendation will address only Defendants' motion to dismiss and Plaintiffs' motion to strike argument in reply, both of which have been fully briefed. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss (doc. #21) be **DENIED**. The Magistrate Judge also **RECOMMENDS** that Plaintiffs' motion to strike argument in reply (doc. #33) be **DENIED** as moot.

**I.**

    As an initial matter, Plaintiffs argue that a motion to dismiss is not the proper vehicle for the Court's review of ERISA benefits cases. In support for this argument, Plaintiffs cite to the concurrence in <u>Wilkins v. Baptist Healthcare Sys., Inc.</u>, 150

F.3d 609 (6th Cir. 1998) and a more recent decision, Buchanan v. Aetna Life Ins. Co., 179 Fed. Appx. 304, 306 (6th Cir. 2006), which consider the propriety of resolving an ERISA action through a motion for summary judgment.

The Wilkins concurrence notes that a district court's review of an ERISA administrator's decision should be limited to the evidence that was before that administrator. Wilkins, 150 F.3d at 618. Because a bench trial "would inevitably lead to the introduction of testimonial and/or other evidence that the administrator had no opportunity to consider," a district court should not adjudicate an ERISA action as if it were conducting a bench trial. Id. at 618. The concurrence went on to reason that "[b]ecause this court's precedents preclude an ERISA action from being heard by the district court as a regular bench trial, it makes little sense to deal with such an action by engaging a procedure designed solely to determine 'whether there is a genuine issue for trial,'" i.e., a motion for summary judgment. Id. at 619 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). The Court of Appeals in Buchanan agreed that "[t]raditional summary judgment concepts are inapposite to the adjudication of an ERISA action for benefits . . . ." Buchanan, 179 F. App'x at 306. However, neither of these decisions suggests that it is inappropriate, in an ERISA benefits case, for a defendant to file a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.

Unlike a motion for summary judgment pursuant to Rule 56, a motion to dismiss pursuant to Rule 12(b)(6) does not look to whether an action is appropriate for trial. Rather it tests the sufficiency of the pleadings. As a result, the reasoning of Wilkins and Buchanan does not bar all Rule 12(b)(6) motions in ERISA actions. Furthermore, in addressing motions to dismiss ERISA actions, the Court of Appeals has not held that such

motions are improper but rather has discussed exactly what must be pleaded in an ERISA action in order to survive a motion to dismiss. Pfeil v. State St. Bank & Trust Co., 671 F.3d 585 (6th Cir. 2012). The Court of Appeals has not exempted ERISA pleadings from Rule 12(b)(6) scrutiny as a general matter, so there is nothing inherently wrong with Defendants having filed that motion here.

**II.**

Plaintiffs also raise additional arguments as to why Rule 12(b)(6) dismissal may be inappropriate here even if such a motion is not categorically improper. They assert that Defendants' motion should be denied because it asks the Court to dismiss Plaintiffs' claims based on the reasonableness of a claims administrator's determinations, and "it is not clear to Plaintiffs from Defendants' filing that the entire record is before the Court." (Pls.' Br. Opp'n at 13.) Unlike cases where the pleadings fail to set forth the elements of a claim or fail to allege sufficient facts, Defendants argue that the documents attached to the pleadings and the motion to dismiss demonstrate that the decisions of the plan administrator should be upheld. While consideration of such documents is proper in the context of a motion to dismiss, Defendants' arguments require review of the determinations of the Committee administering the plan or plans at issue, which cannot be properly done without the whole record upon which the Committee based its determinations.

By way of example, a threshold question in this case is which of the ERISA plans under which Plaintiffs claim relief were in effect at the relevant time. One of the plans under which Plaintiffs have claimed benefits is the National City Corporation Amended and Restated Management Severance Plan effective January 1, 2005 ("2005 National City Plan"). Defendants contend that the 2005 National City Plan was amended by 2008 National City Plan,

-3-

but Plaintiffs argue that the amendment was invalid under the terms of the 2005 National City Plan, which prohibited amendment during a defined period of time before and after a change in control. Specifically, the 2005 National City Plan provided that it could not be amended during a "Protection Period," which begins on the date when "uninterrupted discussions or negotiations commenced" ultimately resulting in a "Change in Control." (Compl. Exh. 1 at §2.1(i) & §15.) The Committee administering the plan determined that the amendment was effective because "uninterrupted discussions or negotiations" resulting in a "Change in Control" commenced on October 3, 2008, three days after the adoption of the 2008 National City Plan. The Committee based that determination on a one-line email written more than a year and a half after the "Change in Control" by an employee of the company that acquired Red Capital. In their administrative appeal, Plaintiffs provided another document in support of their argument that the "uninterrupted discussions or negotiations" commenced earlier, but it is not clear whether there were additional documents reviewed by the Committee in making its determination.

The Court's review of this decision as well as other decisions requires the Court to examine the complete administrative record. Defendants concede that the complete record is not before the Court by way of the pleadings, stating that Plaintiffs "attached _nearly_ the entire administrative record to their Complaint." (Defs.' Brief. Supp. Mot. Dismiss at 14 (emphasis supplied).) Nor does Defendants' reply brief confirm that the entire record is before the Court, instead stating "Defendants respectfully submit that the Court has what is needed to determine whether the Complaint states a claim for relief." (Reply at 5.) The Court cannot assume that the entire administrative record is before the Court. Further, once the Court is assured that the entire administrative record is before

the Court, the Court will, in fact, be reviewing the reasonableness of the claims administrator's determination, which is more appropriately reviewed in a motion for judgment on the administrative record.

### III.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the Motion to Dismiss (doc. #21) be **DENIED**. Of course, such denial would be without prejudice to Defendants' ability to file a motion for judgment on the administrative record, to which they attach the entire administrative record, and which raises essentially the same arguments advanced in their motion to dismiss. In light of this recommendation, the Magistrate Judge also **RECOMMENDS** that Plaintiffs' motion to strike argument in reply (doc. #33) be **DENIED** as moot. In addition, the Court **RECOMMENDS** that further briefing be requested from the parties regarding the standard of review that should apply to the Committee's determination of whether the amendment to the 2005 National City Plan was valid and effective. See, e.g., Halbach v. Great-West Life & Annuity Insurance Co., 561 F.3d 872, 875 (8th Cir. 2009) (distinguishing between the standard of review that applied to the process of amendment and the decision to amend a plan).

### IV.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify,

in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal, the decision of the District Court adopting the Report and Recommendation*.* See Thomas v. Arn, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge