IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Craig S. Jones, et al.,

    Plaintiffs,

v.                                   Case No. 2:11-cv-380

Kerry A. Allen, Plan             JUDGE MICHAEL H. WATSON
Administrator, et al.,          Magistrate Judge Kemp

    Defendants.

### SUPPLEMENT TO REPORT AND RECOMMENDATION

Defendants have filed a Notice of Supplemental Authority, bringing to the Court's attention a decision by the United States District Court for the Southern District of California in a case involving two different plaintiffs suing many of the same defendants as in this case.  The plaintiffs in the California case brought some of the same claims as Plaintiffs in the present case, and the claims involved many of the same facts and legal issues. That decision, Bluhm v. PNC Financial Services Group, Inc., No. 11cv313 (S.D. Cal. Feb. 1, 2013), considered, among other issues, the question addressed in the Report and Recommendation in the present case:  whether certain claims should be deemed approved under the plans at issue.  The Court has reviewed Defendants' Notice of Supplemental Authority (Docket No. 83), and is not persuaded by the Bluhm decision regarding the "deemed approved" issue for the reasons that follow.

The Bluhm court considered the ERISA standard of review and determined that the administrative record should be reviewed for an abuse of discretion based on the language in the plans granting the Committee and Plan Administrator "full power and authority to interpret, construe and administer this Plan and its interpretations and construction hereof . . . ."  (The court also determined that the Committee's conflict of interest should be

weighed as a factor in determining whether the Committee members abused their discretion.)  However, the court did not consider whether a different standard of review applied to claims that are deemed approved or denied automatically after a certain amount of time has passed, nor did the court consider whether the general grant of discretion in the plans extended to situations in which the Committee or Plan Administrator failed to deny the claims within the time set forth in the plans.  Accordingly, the court in Bluhm recited the reasoning of the Committee and Plan Administrator for why the claims should not be deemed approved, and determined that "the Committee reasonably concluded that Defendants did not fail to comply with Plan procedures."

In contrast, this Court, after reviewing the relevant case law regarding the standard of review governing regulations and plan provisions providing for claims to be "deemed" approved or denied after a certain amount of time, concluded that the plans did not allow the Committee and Plan Administrator to exercise discretion if they failed to deny the claims within the time specified in the plans, and accordingly determined that the standard of review was de novo.  As a result, this Court did not merely review the Committee and Plan Administrator decisions for abuse of discretion, but rather reviewed the evidence independently.  Based on that review of the evidence, the Court recommended a finding that Defendants failed to deny the claims within the time required, and accordingly the claims would be deemed approved if the plans under which Plaintiffs filed their motion for partial summary judgment were in existence.  Therefore, the Court notes that its report and recommendation (Docket No. 84) is not changed by the reasoning in the Bluhm decision.

/s/ Terence P. Kemp
United States Magistrate Judge

2