IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Craig S. Jones, et al.,

    Plaintiffs,

v.                                            Case No. 2:11-cv-380

Kerry A. Allen, Plan                          JUDGE MICHAEL H. WATSON
Administrator, et al.,                        Magistrate Judge Kemp

    Defendants.

OPINION AND ORDER

    This ERISA case is before the Court to resolve PNC Defendants' Supplemental Motion for Protective Order Regarding Depositions on Conflicts Issues (Doc. 133), Plaintiffs' Response and Cross Motion to Compel (Doc. 140), Defendants' Reply in support of their motion for a protective order (Doc. 150-1), and Plaintiffs' Reply in support of their motion to compel (Doc. 153).

    The factual background for this motion is set forth in the Court's previous orders.  In brief, this is a case involving review of an administrative decision denying a claim for ERISA benefits.  While ERISA cases are typically decided based solely on the administrative record, here the Court has permitted limited discovery beyond the record.  On March 25, 2014, the Court ruled that Plaintiffs were entitled to conflict of interest discovery.  (Doc. 166 at 4).  Shortly thereafter, on March 31, 2014, the Court resolved two motions for protective orders, one of which involved the depositions of three individuals.  (Doc. 168 at 3).  The Court denied the motion for a protective order as to the depositions of three individuals, holding that the depositions could go forward but should be limited to the scope authorized by the Court's orders.

In the first motion addressed in this Order, PNC Defendants seek a protective order regarding the deposition of David Williams, PNC's Mergers & Acquisitions Manager. Defendants acknowledge that discovery regarding Plaintiffs' retaliation claim is ripe and that Plaintiffs intend to question Mr. Williams on issues related to Plaintiffs' retaliation claim. Defendants argue, however, that it would be more practical to hold Mr. Williams' deposition at a time when the Court has provided clarity about the areas of discovery that Plaintiffs are permitted to pursue now. Defendants also argue, as they did in their previous motion for a protective order, that depositions regarding conflicts issues are inappropriate when relevant information is attainable through well-crafted written discovery. The Court's March 31, 2014 Order provided some guidance to the parties as to the scope of conflicts discovery, and also rejected Defendants' argument that the parties are constrained to written discovery for purposes of conflicts issues. The Court has since provided additional clarification of the scope of conflicts discovery during the course of other depositions. Accordingly, the Court does not find good cause to enter a protective order regarding the deposition of Mr. Williams.

For all the foregoing reasons, the Court denies PNC Defendants' Supplemental Motion for Protective Order Regarding Depositions on Conflicts Issues (Doc. 133). The deposition of Mr. Williams shall go forward. However the scope of the deposition shall be limited to the discovery that the Court has authorized. In light of the resolution of the motion for a protective order, Plaintiffs' Cross Motion to Compel (Doc. 140) is denied without prejudice.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A),

Rule 72(a), Fed.R.Civ.P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge