IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG S. JONES, et al., | : | |
| Plaintiffs, | : | Case No. 2:11-cv-380 |
| v. | : | JUDGE MICHAEL H. WATSON |
| KERRY A. ALLEN, PLAN ADMINISTRATOR, et al., | : | Magistrate Judge Kemp |
| | : | |
| Defendants. | | |

_____

| | | |
|---|---|---|
| CRAIG S. JONES, et al., | : | |
| Plaintiffs, | : | Case No. 2:14-cv-242 |
| v. | : | JUDGE MICHAEL H. WATSON |
| ORIX USA CORPORATION, | : | Magistrate Judge Kemp |
| Defendant. | : | |

OPINION AND ORDER

This ERISA case is before the Court to resolve Defendants' Motion to Consolidate Case No. 2:14-CV-242 with Related Case No. 2:11-CV-380 (Case No. 11-cv-380, Doc. 180; Case No. 14-cv-242, Doc. 16). This motion has been fully briefed. For the reasons that follow, the Court will grant the Motion.

I. BACKGROUND

Plaintiffs are former employees of one of the mortgage and investment banking entities collectively referred to as Red Capital. On May 3, 2011, Plaintiffs filed a complaint against the four entities that are collectively referred to as Red Capital, the company that acquired Red Capital on December 31, 2008 (the PNC Financial Services Group, Inc. ("PNC")), certain severance benefits plans, and the plan administrator for those

plans alleging that Defendants retaliated against them for exercising certain rights pursuant to ERISA and wrongfully denied their ERISA benefits.  (Case No. 11-cv-380, Doc. 2).  Plaintiffs claimed benefits in connection with two changes in ownership of Red Capital.  The first was the purchase of Red Capital's sole owner, National City, by PNC on December 31, 2008.  As to the second, Plaintiffs alleged that an investor group led by ORIX USA Corp. acquired Red Capital on May 8, 2010.  (Doc. #2 at ¶30). Plaintiffs did not include ORIX USA Corp. ("ORIX") as a defendant in the original complaint.

On December 16, 2013, Plaintiffs moved for leave to amend the Complaint to add certain claims and factual allegations, and to add ORIX USA Corporation ("ORIX") as an additional defendant for purposes of Plaintiffs' existing retaliation claim. Defendants opposed this motion.  On March 10, 2014, while their motion for leave to amend was pending, Plaintiffs filed Case No. 14-cv-242 against ORIX USA Corporation bringing a claim for retaliation based on the same facts as the retaliation claim in the original action.  The allegations in that complaint state that Plaintiffs filed the new action against ORIX in order to preserve their claim because the Court had not yet ruled on their motion to amend.  On March 21, 2014, the Court granted in part and denied in part the motion to amend, in particular, granting the motion to amend to add ORIX as a defendant in relation to Plaintiffs' retaliation claim.  Plaintiffs filed the amended complaint.  Then, after Case No. 14-cv-242 was deemed a related action and transferred to Judge Watson's docket, Plaintiffs withdrew the amended complaint in Case No. 11-cv-380 and decided to proceed against ORIX based on the complaint filed in Case No. 14-cv-242.

Now Defendants have moved to consolidate the two civil actions.

II. ANALYSIS

Consolidation of cases is provided for in Rule 42(a) of the Federal Rules of Civil Procedure, which states, in pertinent part, that the Court may order consolidation of actions involving "a common question of law or fact . . . ." Fed. R. Civ. P. 42(a). The purpose of consolidation is to "administer the court's business 'with expedition and economy while providing justice to the parties.'" Advey v. Celotex, Corp., 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and Procedure, §2381 (1971)). Courts should thoughtfully consider "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993) (citation and internal quotation marks omitted).

"[C]onsolidation does not merge the suits into a single action, change the rights of the parties, or make parties in one suit parties in the other." Twaddle v. Diem, 200 F. App'x 435, 438 n.4 (6th Cir. 2006) (citing Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933) (interpreting predecessor of Rule 42(a))). "[I]t is the district court's responsibility to ensure that parties are not prejudiced by consolidation." Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 412-13 (6th Cir. 1998) (citing Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2385 (2d ed.1994)).

The parties do not dispute that the actions before the court involve numerous common questions of law and fact. The parties have not raised any risks of confusion, nor is the Court aware of

any. Plaintiffs have raised the issue of prejudice with respect to discovery rights. However, the case law makes it clear that consolidation does not change the rights of the parties, and the Court can address discovery issues as they arise. All of the other factors are either neutral or weigh in favor of consolidation. It appears that all parties will benefit from the consolidation of the two actions, and judicial economy favors consolidation. Accordingly, it is appropriate here to consolidate the actions.

### III. CONCLUSION

For all the foregoing reasons, the Motion to Consolidate is granted. The Court ORDERS the consolidation of the above-captioned cases under Case No. 2:11-cv-380, and DIRECTS the parties to file all future matters in Case No. 2:11-cv-380. The Clerk of Courts is directed to file a copy of this order in both Case Nos. 2:11-cv-380 and 2:14-cv-242.

### IV. PROCDURE ON MOTION TO RECONSIDER

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge
